**STEEL ERECTION COMPANY, Inc., et al.,**
**Appellants,**

**v.**

**TRAVELERS INDEMNITY COMPANY,**
**Appellee.**

**No. 14347.**

Court of Civil Appeals of Texas.

San Antonio.

Jan. 13, 1965.

Rehearing Denied July 21, 1965.

Earle Cobb, Jr., San Antonio, for appellants.

Groce, Hebdon, Fahey & Smith, San Antonio, for appellee.

MURRAY, Chief Justice.

This is a suit for breach of an insurance policy wherein the insured contend that the insurer failed to discharge its duty of furnishing them with a defense of a damage suit filed against them, which presents a rather complicated situation, therefore, a full explanation of all the facts is necessary.

The names of the litigants herein involved, and the manner in which they will hereinafter be referred to, are as follows: H. H. Higdon—"Higdon," Steel Erection Company, Inc.,—"Steel," Travelers Indemnity Company—"Travelers," Thomas P. Sullivan, d/b/a D. J. Sullivan Erection Company,—"Sullivan," Judson H. Phelps —"Phelps," Employers Mutual Fire Insurance Company of Wausau—"Employers."

This controversy began when Sullivan, as plaintiff, instituted a suit in the 45th Judicial District Court of Bexar County, against Higdon, Steel, Phelps and Employers, alleging that on or about October 10, 1963, Higdon and Steel rented a Bay City Motor Crane from Sullivan, to be used on a project known as the LaSalle High School, Phelps being the general contractor on the project; and while the crane was in the possession, control and under the direct supervision of the defendant Phelps and Higdon, acting through their agents, servants and employees, they negligently and carelessly operated such crane and thereby damaged it. Employers was made a party to this suit as the insurance carrier of Sullivan.

When Higdon and Steel were served with citation in this suit they called upon Travelers to defend them, which Travelers refused to do upon the ground that there was an exemption clause in the insurance policy issued by it, which exempted equipment which was in the possession and under the supervision and control of Higdon and Steel, and that the allegations of plaintiff's petition showed that the crane when damaged was under such exclusive control.

Higdon and Steel then employed Earle Cobb, Jr., Esq., to defend this lawsuit for them, which he at once undertook to do. After some maneuvering in court, Sullivan filed an amended petition in which he dropped Higdon and Steel as defendants, and Employers filed a third party action against Higdon, Steel and Travelers, seeking subrogation upon the theory that the crane at the time it was injured was being operated by Sullivan and his employee as an independent contractor. When this pleading was filed Travelers wrote a letter to Higdon and Steel, stating that due to the allegation of independent contractor, on the part of Sullivan, it was of the opinion that there might probably be coverage under its policy of insurance, and offered to defend the suit. In the meantime Higdon and Steel had filed a third party action bringing Travelers into the suit. After much negotiating, Higdon and Steel offered to permit Travelers to defend the lawsuit, provided Travelers would extend to them full coverage under its policy. This Travelers refused to do. On motion of Travelers, the judge of the 45th District Court severed from the damage suit the controversy between Travelers and Higdon and Steel, and further provided that the findings of the judge or jury in the original damage suit should not be binding in any way upon these parties.

However, it is apparent that there was a conflict of interest between Travelers, on the one hand, and Higdon and Steel, on the other, because should the trier of facts in the damage suit find that Sullivan was operating the crane at the time it was injured, as an independent contractor, there would

be coverage under Travelers' policy. On the other hand, if the finding was that the crane was in the exclusive possession and control of Higdon and Steel at the time it was injured, there would be no coverage, due to the exemption clause (L) of the Travelers' insurance policy. While these conditions existed, the damage suit went to trial, with Earle Cobb, Jr., defending for Higdon and Steel, and resulted in the jury finding that the crane was not in possession and under control of Higdon and Steel at the time it was damaged, and that the damage was not caused by the neglect of Higdon and Steel. As a result of these findings, along with other findings, judgment was entered to the effect that Sullivan take nothing as against Higdon and Steel. Thus the question of liability for the damage to the crane became unimportant, so far as Higdon, Steel and Travelers were concerned. However, the question as to who should pay the attorney's fees of Cobb remained.

Higdon and Steel filed a motion for summary judgment against Travelers for the sum of $3,285.00, alleged to be the amount of attorney's fees they had been required to expend in defense of the Sullivan suit. At the same time, Travelers presented a motion for summary judgment asking the court to render a take-nothing judgment against Higdon and Steel. The court had before it the pleadings of the parties, certain depositions, admissions, affidavits and stipulations. The parties, by stipulation, divided the attorney's fees into three categories. First the sum of $630.00 expended by Higdon and Steel in defense of the Sullivan suit prior to April 15, 1964, at which time Travelers first offered to defend the suit. Second, the sum of $1,710.00 expended by Higdon and Steel in defense of the Sullivan suit, subsequent to April 15, 1964; and third, the sum of $945.00 incurred by Higdon and Steel in the prosecution of their cross-action and third party suit against Travelers. It was further stipulated that these sums were reasonable and necessary.

It was the contention of Higdon and Steel that Travelers breached its insurance policy by refusing to defend the Sullivan suit, and Travelers contended that Higdon and Steel breached the provisions of the insurance policy by refusing to permit it to defend the suit after April 15, 1964. The trial court entered judgment permitting Higdon and Steel to recover the $630.00 for attorney's fees in the first category, but refused them any recovery of attorney's fees stipulated in the second and third categories, from which judgment Higdon and Steel have prosecuted this appeal.

 Higdon and Steel assign as error the action of the court in denying them the sum of $1,710.00, stipulated as attorney's fees in the second category, and the sum of $945.00, stipulated as attorney's fees in the third category. While Travelers, as appellee, by cross-assignment of error contends that the court erred in allowing appellants to recover the $630.00 stipulated in the first category. This sum was the amount of attorney's fees expended by Higdon and Steel prior to April 15, 1964, in defense of the Sullivan suit. We conclude that the trial court erred in awarding this sum to Higdon and Steel, because Travelers was justified in refusing to defend the lawsuit prior to April 15, 1964. The pleadings in the Sullivan suit clearly alleged that the crane was in the exclusive possession and under the control and management of Higdon and Steel at the time it was damaged, and such damage was clearly excluded from coverage by the insurance policy under paragraph (L). Travelers had a right to rely upon the facts alleged by Sullivan in his petition and the provisions of its insurance policy in determining its duty, vel non, of defending the lawsuit. As long as these pleadings remained unchanged, Travelers owed no duty to Higdon and Steel to defend them in this lawsuit. U. S. Fidelity & Guaranty Co. v. Baldwin Motor Co., Comm.App., 34 S.W.2d 815; Maryland Cas. Co. v. Knorpp, Tex.Civ.App., 370 S.W. 2d 898, ref., n. r. e.; Travelers Ins. Co. v. Newsom, Tex.Civ.App., 352 S.W.2d 888,

ref., n. r. e.; Maryland Cas. Co. v. Moritz, Tex.Civ.App., 138 S.W.2d 1095, err. ref.

The situation is different with reference to the attorney's fees in the sum of $1,710.00, set forth in category two. This represents the amount of attorney's fees necessarily expended by Higdon and Steel in the defense of the Sullivan suit subsequent to April 15, 1964, on which date the pleadings had been amended and contained an allegation that the crane was being operated by Sullivan as independent contractor, under which circumstances Travelers would be required to defend Higdon and Steel, which it offered to do, but this was refused by Higdon and Steel, because of the conflict of interest between them and Travelers. Where the insurer is denying coverage, but at the same time demanding the right to defend the lawsuit on behalf of the insured, and where coverage, vel non, will depend upon the finding of the trier of facts as to certain issues in the main case, which here is the question of whether the crane at the time it was damaged was being operated by Sullivan as an independent contractor, or by Higdon and Steel under a bailment agreement, the insurer is not in a position to defend the insured. Travelers was confronted with the situation that it must acknowledge coverage and thus eliminate the controversy between it and Higdon and Steel, or stand upon its contention that there was no coverage. By its action in denying full coverage, Travelers brought itself in a position where it could not properly represent Higdon and Steel. Travelers chose not to admit full coverage, and thus Higdon and Steel had a right to be defended by Earle Cobb, Jr., an attorney of their own selection. Travelers not being in a position to defend the lawsuit, due to its conflict with Higdon and Steel, it is liable for the $1,710.00 expended for attorney's fees, as stipulated in the second category. Great American Indemnity Co. v. City of Corpus Christi, Tex.Civ.App., 192 S.W.2d 917, ref. n. r. e.; American Fidelity & Cas. Co. v. Williams, Tex.Civ.App., 34 S.W.2d 396; Appleman Ins. Law & Practice, Vol. 7A, p.

472, § 4686. In Shehee-Ford Wagon & Harness Co. v. Continental Cas. Co., La. App., 170 So. 249, 251, the Court said:

"The entire record in the prior suit, which is a part of the record in this proceeding, and the progress of the case which we have endeavored to above outline, graphically reveal that the insurer's primary purpose in defending the action was to free itself of liability, irrespective of the fate that might befall the insured. It is true that it presented the defense of independent contractorship for the insured in the various courts which considered the case; but it is likewise true that such insurer would have escaped liability had that defense been finally sustained. And, while defending on that ground, insurer was also seriously urging that it was not liable under the policy, even though the insured might be liable to Jones. It appears to us that these defenses, in so far as insured was concerned, were inconsistent, one with the other. It was the duty of the insurance company to either deny its obligation to the insured and rely on that defense, or to recognize the policy as being in full force and effect and give to insured its undivided support."

This brings us to a consideration of the attorney's fees stipulated in the third category. The sum of $945.00 represents the amount of attorney's fees expended by Higdon and Steel in attempting to compel Travelers to furnish them a defense of the Sullivan suit. Travelers is not in any way responsible for these attorney's fees, and the trial court properly refused judgment for this sum. Traders & General Ins. Co. v. Hicks Rubber Co., 140 Tex. 586, 169 S.W.2d 142; Appleman Insurance Law & Practice, Vol. 7A, pp. 509–510, § 4691.

The judgment of the trial court will be changed from the principal sum of $630.00 to the principal sum of $1,710.00, and as thus changed and amended, the judgment is affirmed.