Laura Marie RHODES,
Plaintiff-Appellant,

v.

CHICAGO INSURANCE COMPANY, A DIVISION OF INTERSTATE NATIONAL CORPORATION, et al., Defendants-Appellees.

No. 82–1710.

United States Court of Appeals,
Fifth Circuit.

Nov. 10, 1983.

Rehearings Denied Dec. 12, 1983.

---

Jack B. Cowley, Dallas, Tex., for plaintiff-appellant.

Strasburger & Price, Royal H. Brin, Jr., P. Michael Jung, Dallas, Tex., for defendants-appellees.

Before BROWN, WISDOM and JOHNSON, Circuit Judges.

JOHNSON, Circuit Judge:

Plaintiff Laura Marie Rhodes appeals from an order of the federal district court granting summary judgment to the defendants. Plaintiff's suit sought payment of damages which had been agreed upon by plaintiff and defendants' insured in a prior state-court proceeding.[1] We reverse and remand.

In 1978, plaintiff Rhodes applied for a modelling position and was interviewed by one John L. Shirley, a personnel and guidance counsellor. Rhodes alleged that, during subsequent counselling, Shirley engaged in sexual misconduct with her, that he hypnotized her without informing her of the risks involved, and that he was otherwise negligent in performing as a personnel and guidance counsellor. The defendants (appellees here), Chicago Insurance Company (Chicago) and Interstate Fire and Casualty Company (Interstate), were malpractice insurers for Shirley under a group policy. Chicago refused to defend Shirley under Rhodes' original complaint, did not respond to requests for a defense under the first amended original complaint, and tendered a defense to Shirley against the second amended original complaint only under reservation of right. The defense was tendered with reservation of right because the insurers contended that Rhodes' complaint had alleged conduct by Shirley, specifically sexual misconduct, which was not covered by, or was excluded from coverage under, the policy. Shirley refused the tender and pursued his own defense. The suit was settled for $200,000, the policy limit, and the settlement was approved by a Texas state court (Judge Snodgrass) in *Rhodes v. Shirley*, No. 79–1613–L (Dist. Ct. of Dallas County, 193d Judicial Dist. of Texas, April

---

1. There is disagreement as to whether the damages agreed upon were part of a settlement agreement or a part of a judgment. Rhodes conceded at oral argument that the terms and amount of damages were agreed upon before the proceedings in the Texas state district court judge's chambers, but also asserts that the proceedings reduced the prior agreement to a judgment. Chicago asserts that there was no "actual trial," *i.e.,* no adversarial proceedings, and

so cannot properly be called a judgment. However, in *Travelers Ins. Co. v. Reed Co.,* 135 S.W.2d 611 (Tex.Civ.App.—Beaumont 1939, dism'd judgm. cor.), in remarkably similar circumstances, just such an agreement, affirmed by a state trial court, was upheld as a judgment which was binding on the insurer. *Id.* at 618. Whether the damages were assessed by agreement or by judgment is irrelevant as will be shown by the discussion *infra.*

16, 1981). Plaintiff then filed this suit against defendants Chicago and Interstate, seeking payment of the assessed damages. John L. Shirley is not a party to this suit.

Several issues are presented: (1) whether the defendants had a duty to defend Shirley in the initial litigation in the state district court and, if there was a duty to defend, when it arose; (2) whether the duty was breached, and if so, when; and (3) the consequences of the failure to defend as to both the insured and the insurer. All of these issues involve material questions of fact which do not appear to have been resolved by the federal district court.

■■■ Under Texas law, the insurer's duty to defend is determined solely from the face of the pleadings and without reference to facts outside of the pleadings. Application of this complaint-allegation rule gives rise to a duty to defend if one or more of the plaintiff's claims, "if taken as true, [are] sufficient to state a cause of action ... coming within the terms of the policy." *Maryland Casualty Co. v. Moritz,* 138 S.W.2d 1095, 1097–98 (Tex.Civ.App.—Austin 1940, writ ref'd). Texas Rule of Civil Procedure 65 provides that amended pleadings completely supercede prior pleadings. Hence the duty to defend is determined by examining the latest, and only the latest, amended pleadings. A complaint which does not initially state a cause of action under the policy, and so does not create a duty to defend, may be amended so as to give rise to such a duty. Likewise, a complaint which does allege a cause of action under the policy so as to create a duty to defend may be amended so as to terminate the duty. In the first instance, the insurer may properly refuse to defend before the amended complaint is filed, and in the second, the insurer may properly withdraw

after the amendment is made. A complaint which contains a claim which does not allege a cause of action under the policy as well as a claim which does allege a cause of action under the policy does not negate the duty to defend. Whether a complaint pleads in the alternative or alleges more than one cause of action, the insurer is obligated to defend, as long as the complaint alleges at least one cause of action within the coverage of the policy. *Superior Insurance Co. v. Jenkins,* 358 S.W.2d 243, 244 (Tex.Civ.App.—Eastland 1962, writ ref'd n.r.e.) (pled in the alternative); *Maryland Casualty Co. v. Moritz,* 138 S.W.2d 1095, 1097 (Tex.Civ.App.—Austin 1940, writ ref'd) (multiple causes of action). When the alleged cause of action is neither clearly without nor clearly within coverage, "the insurer is obligated to defend if there is, potentially, a cause under the complaint within the coverage of the policy." *Heyden Newport Chemical Corp. v. Southern General Insurance Co.,* 387 S.W.2d 22, 26 (Tex. 1965). If there is doubt as to whether the complaint states a covered cause of action, doubt "will be resolved in insured's favor." *Id.*

In the case at bar, defendants concede that there is a duty to defend a "mixed petition" (Brief of Defendant-Appellee at 21 and 24, n. 16), but contend that any duty to defend they may have had arose only under the second amended original complaint.[2] Plaintiff, on the other hand, contends that the duty to defend arose under the original complaint. Determination of when the duty to defend arose depends on clarification of what the policy covered, which, in turn, depends on issues of material fact, *e.g.,* whether the insured was or was not a psychologist.[3] It will be for the district court to determine on remand under

---

**2.** It may be inferred from Chicago's tender of a defense that Chicago concedes that a duty to defend arose under the second amended original complaint.

**3.** The policy had two parts which are pertinent here: Coverage A—Professional Malpractice, and Coverage B—Personal Liability for Bodily Injury, Sickness, or Disease. The policy also had a number of exclusions, some generally

applicable, some applicable only to psychologists. The general exclusions included injuries resulting from criminal acts or acts while intoxicated with drugs or alcohol, and injuries expected or intended by the insured. In addition, psychologists were not covered for claims arising from direct or indirect physical contact or sexual acts.

which version of the complaint the duty to defend arose.

■ It is well settled that once an insurer has breached its duty to defend, the insured is free to proceed as he sees fit; he may engage his own counsel and either settle or litigate, at his option. *Great American Indemnity Co. v. Corpus Christi*, 192 S.W.2d 917, 919 (Tex.Civ.App.—San Antonio 1946, ·writ ref'd n.r.e.). Having forfeited its right to conduct the defense, the insurer is bound by the settlement or judgment. *Ranger Insurance Co. v. Rogers*, 530 S.W.2d 162, 167 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.) (settlement); *Ridgway v. Gulf Life Insurance Co.*, 578 F.2d 1026, 1029 (judgment; Texas law), *reh'g denied*, 583 F.2d 541 (5th Cir.1978). An additional consequence of a breach of the duty to defend is the inability to enforce against the insured any conditions in the policy; the insured is no longer constrained by "no action" or "no voluntary assumption of liability" clauses. *Gulf Insurance Co. v. Parker Products, Inc.*, 498 S.W.2d 676, 679 (Tex.1973). A consequence of breach, therefore, is that an insurer who wrongfully fails to defend its insured is liable for any damages assessed against the insured, up to the policy limits,[4] subject only to the condition that any settlement be reasonable. The insured must demonstrate only that, in settling, his conduct conformed to the standard of a · prudent uninsured. The insurer may also be liable for attorneys' fees incurred by the insured in order to defend the suit. *Steel Erection Co. v. Travelers Indemnity Co.* 392 S.W.2d 713, 716 (Tex.Civ. App.—San Antonio 1965, writ ref'd n.r.e.).

■ If, in the case at bar, the duty to defend arose under the original or first amended original complaint, the duty was clearly breached by the insurer's denial of coverage and failure to defend. The insurer would then be liable for assessed damages[5] and attorneys' fees and would be estopped from alleging failure by the insured to comply with conditions in the policy. The insurer would be bound by the judgment or settlement and would be unable to relitigate issues of fact. The subsequent filing of an amended complaint does not erase the breach or the penalties therefor. "Having thus waived its right to defend the suit, such right was lost forever . . . ." *Witt v. Universal Automobile Insurance Co.*, 116 S.W.2d 1095, 1098 (Tex.Civ. App.—Waco 1938, writ dism'd).

■ If, however, the duty to defend arose under the second amended original complaint, the question becomes more complex. The insurer offered to defend, but only with a reservation of rights. A reservation of rights is a proper action if the insurer believes, in good faith, that the complaint alleges conduct which may not be covered by the policy.[6] In such a situation, reservation of rights will not be a breach of the duty to defend, but notice of intent to reserve rights must be sufficient to inform the insured of the insurer's position and must be timely. When a reservation of rights is made, however, the insured may properly refuse the tender of defense and pursue his own defense. The insurer remains liable for attorneys' fees incurred by the insured and may not insist on conducting the defense. Refusal of the tender of defense is particularly appropriate where, as here, the insurer's interests conflict with

---

**4.** This Court has held that the insurer may be liable even for amounts in excess of the policy limits. *Blakely v. American Employers' Ins. Co.*, 424 F.2d 728, 734 (5 Cir.1970).

**5.** The insurer is estopped from denying coverage and must pay all damages assessed, even damages for actions not covered by the policy. *Ridgway v. Gulf Life Ins. Co.*, 578 F.2d 1026, 1029 (5th Cir.1978).

**6.** The insurer's duty to defend the insured may conflict with the insurer's right to raise defens-

es against the insured. The reservation of rights serves as notice to the insured of the potential conflict of interest; such notice is required by Canon 5 of the Code of Professional Responsibility. *Employers' Casualty Co. v. Tilley*, 496 S.W.2d 552, 558 (Tex.1973). Withdrawal or disqualification because of the conflict of interest may prejudice the insured's ability to defend himself. The decision to reserve rights, therefore, must be based on a good-faith determination that the conduct complained of may not be covered by the policy.

those of the insured. "When the insurer is denying coverage, . . . and where coverage, vel non, will depend upon the finding of the trier of facts as to certain issues in the main case, . . . the insurer is not in a position to defend the insured." *Steel Erection Co. v. Travelers Indemnity Co.*, 392 S.W.2d 713, 716 (Tex.Civ.App.—San Antonio 1965, writ ref'd n.r.e.). The insurer also is barred from enforcing voluntary assumption of liability and no action clauses. *Travelers Indemnity Co. v. Equipment Rental Co.*, 345 S.W.2d 831, 835 (Tex.Civ.App.—Houston 1961, writ ref'd n.r.e.).

■ If Chicago acted properly in tendering a defense only under the second amended original complaint, *i.e.*, there was no duty to defend under the two prior complaints, there was no breach of its duty to defend. Shirley was then free to refuse the tender and to defend the suit on his own, unrestricted by conditions in the policy. Chicago's duty to pay, however, would then cease to be coextensive with its duty to defend; Chicago would have a duty to pay only to the extent that the damages assessed were predicated on misconduct covered by the policy and upon a showing that the settlement was reasonable and prudent. If Chicago's conduct was proper under the circumstances, it would be inequitable to, in effect, rewrite the policy and force Chicago to insure risks not contemplated by the contract of insurance. Persuasive authority to this effect is found in *Garden Sanctuary, Inc. v. Insurance Co. of North America*, 292 So.2d 75 (Fla.Dist.Ct.App.1974). In *Garden Sanctuary*, the court held that, although the insurer had a duty to defend both included and excluded claims, "[i]n so defending . . ., the insurance company will not be precluded or estopped from declining to pay that portion of the judgment which is outside the coverage." *Id.* at 78 (footnote omitted). *See also Pacific Indemnity Co. v. Acel Delivery Service, Inc.*, 485 F.2d 1169, 1173 (5th Cir.1973) (Texas law; "It is well settled in Texas that [waiver and estoppel] will not operate to create coverage in an insurance policy where none originally existed."), *cert. denied*, 415 U.S. 921, 94 S.Ct. 1422, 39 L.Ed.2d 476 (1974); *Minnesota Mutual Life*

*Insurance Co. v. Morse,* 487 S.W.2d 317, 320 (Tex.1972) ("waiver and estoppel cannot enlarge the risks covered by a policy and cannot be used to create a new and different contract with respect to the risk covered and the insurance extended.").

Whether damages are claimed under a settlement or a judgment is of no import here. If the insurer breached its duty to defend, it is bound to pay any damages up to the policy limits assessed against the insured. If the insurer properly reserved its rights and the insured elected to pursue his own defense, the insurer is bound to pay damages which resulted from covered conduct and which were reasonable and prudent, up to the policy limits. In either case, the insured is not constrained by conditions in the policy which limit the insured's ability to settle the claim, and the insurer cannot complain about the insured's conduct of the defense. If the insurer did not breach the duty to defend and damages were assessed only for conduct which was not covered by the policy or the insurer did not have a duty to defend, the insurer has no duty to pay.

On remand, the district court must first determine what the policy covered and then examine the allegations in the complaint in the light of the policy coverage. If, on the basis of the complaint-allegation rule, a duty to defend arose under the original or first amended original complaints, the insurer breached its duty to defend and is liable for all damages assessed. *Blakely v. American Employers' Insurance Co.*, 424 F.2d 728, 734 (5 Cir.1970) (Texas law). If the reservation of rights was proper, the damages must be apportioned between covered conduct and uncovered conduct and the reasonableness of the amount of damages determined. In either case, if the amount is excessive under the prudent uninsured standard, remittitur is proper to reduce the damages to an appropriate amount.

The judgment of the district court is reversed and the cause is remanded to the

district court for proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.