**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 6, 2006**

**Charles R. Fulbruge III**
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 05-20139

MOTIVA ENTERPRISES, LLC,

Plaintiff-Appellant

VERSUS

ST. PAUL FIRE AND MARINE INSURANCE COMPANY,

Defendant,

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH,
PENNSYLVANIA,

Defendant-Appellee.

Appeal from the United States District Court for the
Southern District of Texas

Before REAVLEY, DAVIS and WIENER, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Plaintiff-Appellant Motiva Enterprises, L.L.C. ("Motiva")
compromised an action brought against it for damages without notice
to its insurer, Appellee-National Union. Motiva sued to recover
the amount it paid in settlement, contending that it had no

obligation to comply with the condition in the policy to obtain its insurer's consent to settle because National Union refused to tender an unqualified defense to Motiva.  We agree with the district court that Motiva breached the policy, but we vacate the district court's take nothing judgment and remand the case to the district court to determine whether Motiva's breach prejudiced National Union.

I.

In July 2001, a sulfuric acid storage tank exploded at Motiva's Delaware refinery, killing one employee and injuring several others.  A number of civil suits ensued, including a lawsuit by John and Pamela Beaver for injuries John sustained in the explosion (the "Beaver" suit).

Motiva had approximately $250 million in liability insurance which Motiva contended covered its liability for injuries and litigation costs related to the explosion.  The coverage was divided into two "towers," referred to as the Continental Tower and the St. Paul Tower, and consisted of seven insurance policies in all.  National Union supplied $25 million of umbrella coverage, providing for both the duty to defend and the duty to indemnify once the underlying insurance was exhausted.  The policy contained standard "consent to settle" and "cooperation" clauses.  The consent to settle clause required National Union's advance consent

to any settlements that it would be funding,[1] and the cooperation clause required Motiva to cooperate with National Union in the investigation, settlement, and defense of claims.[2]

In July 2002, Motiva notified National Union of the first two lawsuits that had been filed against it, including the Beaver suit, and requested a defense. In February 2003, National Union conditionally disclaimed coverage on the ground that the underlying insurance policies had not yet been exhausted. National Union reserved the right to supplement or amend its disclaimer in the future. When National Union did not withdraw its denial of coverage at Motiva's request, Motiva filed suit seeking a declaratory judgment of its coverage.

In May 2003, National Union sent Motiva a "reservation of rights" letter that withdrew its disclaimer of coverage, but reserved the right to withhold or limit coverage under the terms and conditions of the policy. On July 28, 2003, Motiva informed National Union that the St. Paul policy had been exhausted and that National Union would be responsible for the defense costs related to the remaining five suits. The next day, Motiva asked National Union to send a representative with full settlement authority to a

---

[1]The consent to settle clause specifically states: "No Insureds will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent."

[2]The cooperation clause specifically states: "You and any other involved Insured must: ... cooperate with us in the investigation, settlement or defense of the claim or suit."

3

mediation in the <u>Beaver</u> case that was scheduled for August 8, 2003. National Union immediately requested all documents related to <u>Beaver</u>, but on August 1, Motiva rejected the request, claiming that National Union had "never acknowledged coverage" for the <u>Beaver</u> claim. Despite that refusal, Motiva still demanded that National Union attend the mediation.

On August 6, National Union tendered its offer to defend the <u>Beaver</u> case and the other pending lawsuits, subject to a reservation of its right to deny coverage under the terms of the policy. National Union asked Motiva to cooperate fully with its defense – a requirement of the policy – and said that it expected to participate fully in the <u>Beaver</u> mediation. Despite the tender, Motiva refused to furnish the <u>Beaver</u> documents to National Union.

On August 8, National Union sent a representative to the mediation. During National Union's presence at the mediation, the only settlement demand it received was for $40 million. Before the mediation ended however, National Union was asked to leave. The mediation continued without National Union's presence and ultimately resulted in a voluntary settlement agreement in which Motiva agreed to pay $16,500,000 to resolve the claim.

After the mediation, Motiva asked National Union to fund the settlement, but National Union refused to do so on the grounds that its consent had not been obtained as required by the consent to settle clause. Motiva paid the settlement out of its own funds and

after National Union again declined Motiva's request for reimbursement, Motiva filed this suit to recover sums it paid to settle the <u>Beaver</u> claim.

In December 2003, the parties submitted a Stipulated Chronology and Facts per the district court's order. National Union and Motiva filed cross-motions for summary judgment, and on August 26, 2004, the district court granted partial judgment for National Union, holding that Motiva should take nothing in the lawsuit because it had breached the consent to settle and cooperation clauses.

Following the district court's partial judgment in favor of National Union, Motiva filed a Motion for Reconsideration and to Amend Judgment and attached several affidavits contradicting the facts in the summary judgment record as interpreted by the district court. National Union filed a response in opposition and a motion to strike the affidavits as offering newly alleged facts. The district court denied Motiva's Motion for Reconsideration and to Amend Judgment and stated that Motiva could not supplement the record with new facts.

Reviewing the district court's grant of summary judgment *de novo*, we consider each of Motiva's arguments below.

II.

A.

Motiva argues first that the district court erred in allowing

National Union to deny policy benefits to its insured based on breaches of consent to settle and cooperation clauses when National Union had not tendered an unqualified defense to Motiva. In other words, Motiva argues that when National Union's tender of a defense was subject to its reservation of rights to later deny coverage, Motiva was entitled to settle the Beaver claim without consulting National Union.

Motiva relies on our decision in Rhodes v. Chicago Ins. Co., 719 F.2d 116 (5th Cir. 1983) for its argument that under Texas law, National Union's reservation of rights released Motiva from the constraint of the "consent to settle" clause. Motiva correctly quotes our statement that "[i]f the insurer properly reserved its rights and the insured elected to pursue its own defense, the insurer is bound to pay damages which resulted from covered conduct and which were reasonable and prudent up to the policy limits." Id. at 121. Motiva also recites our statement in Rhodes that in such a situation, "the insured is not constrained by conditions in the policy which limit the insured's ability to settle the claim, and the insurer cannot complain about the insured's conduct of the defense." Id.

Unfortunately for Motiva, our holding in Rhodes was an "Erie guess" by us and has since been undermined by the Texas Supreme Court's decision in State Farm Lloyds Ins. Co. v. Maldonado, 963 S.W.2d 38 (Tex. 1998). In Maldonado, State Farm tendered a defense

6

with a reservation of rights to its insured, Robert, who had been sued for defamation by a former employee, Maldonado. When State Farm would not pay Maldonado's settlement demand, Maldonado and Robert entered into a private agreement in which Maldonado discharged Robert from further personal liability for Maldonado's damages. Robert, no longer having any incentive to contest the defamation claim at trial, failed to actively defend the claim through his attorney provided by State Farm. He did not present any evidence, cross-examine any witnesses, or present opening or closing arguments.

The trial resulted in a verdict in favor of Maldonado. State Farm denied coverage and contended that the trial constituted a breach of the "actual trial" condition of its insurance policy[3] and relieved State Farm of its duty to indemnify. The Texas Supreme Court agreed, holding that "[b]ecause State Farm agreed to defend Robert under a reservation of rights and Robert failed to satisfy a condition precedent of the insurance policy, Robert cannot sue or recover on the policy." Id. at 40.

Under Erie, we are, of course, obliged to decide questions of state law as we believe the state supreme court would decide the issue. Although a different policy condition was at issue in Maldonado, we see no principled basis to distinguish it from

---

[3]The "actual trial" condition provided that "[a] person or organization may sue [State Farm] to recover on ...a final judgment against an insured obtained after an actual trial." 963 S.W.2d at 40.

7

today's case. We conclude therefore that under Maldonado, an insurer which tenders a defense with a reservation of rights is entitled to enforce a consent to settle clause, and our holding in Rhodes does not accurately reflect current Texas law. The district court therefore did not err in holding that Motiva breached its insurance policy by settling without National Union's consent, even though National Union reserved its right to contest coverage and therefore did not tender to Motiva an unqualified defense.

B.

The district court found that Motiva breached the cooperation clause by asking National Union to leave the Beaver mediation. Motiva challenges this conclusion. The only summary judgment evidence on this point is a letter sent after the mediation from National Union's attorney to Motiva's attorney complaining that National Union was "brashly asked" to leave the mediation.

Even if this letter of complaint by National Union supports the inference that Motiva asked the insurer's counsel to leave the mediation, we are not persuaded that this isolated fact amounts to a breach of the cooperation clause. We have no facts or circumstances surrounding Motiva's alleged request to National Union's counsel to leave the mediation, or what significance the event had in the eventual outcome of the case and whether it operated to National Union's prejudice. We conclude that questions of fact are presented on whether National Union breached the

8

cooperation clause, and if it did breach the clause, whether the failure to cooperate operated to National Union's prejudice.

C.

Motiva argues next that even if it breached the consent to settle or cooperation clauses in the National Union policy, National Union cannot refuse to pay the benefits unless it shows actual prejudice from the breach. We agree.

The Texas Supreme Court held in Hernandez v. Gulf Group Lloyds, 875 S.W. 2d 691, 692 (Tex. 1994), that an insurer may escape liability on the basis of a settlement-without-consent exclusion only when the insurer is actually prejudiced by the insured's settlement. The court based its holding on general principles for interpreting contract law and observed that "when one party to a contract commits a material breach...the other party is discharged...from any obligation to perform." Id. at 692. In determining the materiality of the breach, the court observed that it must consider *inter alia* "the extent to which the non-breaching party will be deprived of the benefit that it could have reasonably anticipated from full performance." Id. at 693. In Ridglea Estate Condo. Ass'n v. Lexington Insurance. Co., 415 F.3d 474 (5th Cir. 2005), a panel of this court recently applied Hernandez and held that Texas law requires that an insurer show prejudice resulting from the insured's breach of a condition in the policy to defeat the insured's claim to policy proceeds.

9

Although the district court made a brief reference to prejudice in its opinion, it did not consider the actual, concrete prejudice an insurer must show to avoid payment. We therefore must remand this case to the district court for a determination of whether National Union breached the cooperation clause, and whether it suffered actual, concrete prejudice[4] from Motiva's breach of any policy condition.

### III.

For the reasons stated above, we vacate the district court's judgment ordering that Motiva take nothing and remand for further proceedings consistent with this opinion.

VACATED and REMANDED.

---

[4]For example, can National Union show that Motiva had no liability  or that it had no coverage or that the breach prevented it from asserting a valid defense to liabilty or coverage or that the settlement was unreasonable.