United States Court of Appeals
Fifth Circuit

**F I L E D**

April 17, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 05-10300

———————————

CLARENDON NATIONAL INSURANCE CO.,

Plaintiff-Appellee,

versus

FFE TRANSPORTATION SERVICES, INC., FROZEN FOOD EXPRESS
INDUSTRIES, INC.,

Defendants-Appellants.

———————————

Appeal from the United States District Court for
the Northern District of Texas
(USDC No. 3:03-CV-1752)

———————————

Before REAVLEY, JOLLY and DeMOSS, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Appellants-Defendants FFE Transportation Services, Inc. and Frozen Food Express Industries, Inc. (collectively "FFE") appeal the magistrate judge's judgment granting Appellee-Plaintiff Clarendon National Insurance Co.'s motion for summary judgment and denying FFE's cross-motion for summary judgment. We affirm.

I.

Clarendon issued Business Auto Policy No. T 07701905 (the "policy") to Frozen Foods. The policy was in effect from December 1, 1996 to December 1, 1997. FFE Transportation was a named insured under the policy. The policy provided $2 million in insurance coverage subject to a Self-Insured Retention (SIR) of $1 million. The SIR functioned essentially as a deductible in that FFE was responsible for the first $1 million in damages arising from an accident. Clarendon then provided $1 million in excess coverage above the SIR.

Under the policy, FFE had a duty to report both accidents and claims in which it was involved. First, the policy required "prompt notice" of any "accident, claim, suit or loss." Additionally, Endorsement #9 of the policy required "immediate notice" to Clarendon of "[a]ny claim in which the requested damage exceeds the self retained amount," in this case $1 million. Endorsement #9 further required notice of an occurrence of any injury, death, or disease paid or reserved for 25% or more of the amounts stated in the schedule of underlying insurance.

2

The policy provided that in the event the notice provisions were not followed Clarendon would (1) not be liable on the policy if Clarendon was prejudiced by the lack of notice, and (2) would be eligible for reimbursement from the insured for any amounts paid on claims involving a breach of the policy. The policy explicitly provided Clarendon the right to investigate, defend, and settle any claim at its discretion.

On January 9, 1997, one of FFE Transportation's vehicles was involved in an accident which resulted in several claims against FFE. All but one of these claims were settled by FFE for a cumulative pay out of $219,861.99. The remaining claim was brought as a tort action against FFE by Ray Stewart in state court in Missouri.

Although FFE appears to dispute exactly when it should have given notice of the accident and resulting claims, the parties agree that notice was not given until after trial on the Stewart claim, and that the timing of this notice breached the policy. Further, FFE admits that Stewart offered to settle his claim for $700,000 in the spring of 2001. FFE did not notify Clarendon of this offer. FFE rejected the settlement offer and the case proceeded to trial. The jury rendered a verdict of $1.1 million in favor of Stewart and judgment was entered on April 5, 2001. On July 18, 2001, more than three months later, FFE gave its first notice to Clarendon of the January 1997 accident and the resulting claims. After reserving its right to seek

3

reimbursement from FFE, Clarendon participated in post-judgment settlement efforts of the Stewart claim which resulted in a $1 million settlement. Clarendon contributed approximately $220,000 toward that settlement.[2] Clarendon then sought reimbursement of the $220,000 from FFE. FFE refused and Clarendon brought this lawsuit.

The parties agreed that there were no genuine issues of material fact and submitted cross-motions for summary judgment by agreement to the magistrate judge. Clarendon sought reimbursement arguing that: (1) FFE breached the notice provisions of the policy; (2) Clarendon was prejudiced by the lack of notice; and (3) because of the prejudicial breach by FFE, Clarendon had no liability under the policy. FFE argued that, under Texas law, Clarendon must prove actual prejudice, which it contended Clarendon could not do. Thus, FFE sought a declaratory judgment that Clarendon was not entitled to any relief. Judgment was entered for Clarendon and FFE appeals.

Reviewing the magistrate judge's grant of summary judgment de novo, we consider the parties' arguments below.

II.

---

[2] FFE paid approximately $780,000 which, along with the $219,861.99 paid to settle the other claims, met the SIR.

4

The parties agree that Texas law applies to this case, and that Clarendon must prove that FFE's failure to give notice prejudiced Clarendon in order for coverage to be forfeited. Thus, this case turns on what proof must be offered to establish prejudice. Clarendon argues that prejudice can be established in two ways and that it has put forth sufficient evidence to meet both standards. First, it argues that in certain situations the prejudice can be presumed – presumed prejudice or prejudice as a matter of law. Second, Clarendon contends that where prejudice is not presumed the insurer can still avoid coverage by demonstrating actual prejudice. FFE argues that the presumed prejudice standard is no longer good law and that Clarendon failed to prove actual prejudice. We need not decide whether the presumed prejudice rule is still good law as Clarendon has shown actual prejudice.

Clarendon contends that FFE's breach of the notice provision prevented it from exercising valuable rights. Clarendon points to Section II.A. of the Trucker's coverage form providing Clarendon with the absolute right to settle the claim as it "deems appropriate." Stewart offered to settle the claim for $700,000. FFE refused and a judgment of $1.1 million resulted. Consequently, Clarendon argues that the breach of the notice provision by FFE resulted in the deprivation of Clarendon's

right to settle which proved to be worth $400,000.[3]  Had the Stewart claim settled for $700,000, the total payout on all claims resulting from the January 8, 1997 collision would have been $919,861.99[4] – within the SIR, resulting in no cost on the claim to Clarendon.  However, with the post-judgment settlement of $1 million, the total payout on the claim was $1,219,861.99, resulting in a cost of $219,861.99 to Clarendon.  Clarendon argues that this evidence demonstrates actual prejudice.

FFE counters that this is insufficient evidence of actual prejudice.  It contends that Clarendon must establish, not that it *could* have settled the claim for $700,000, but that it *would* have settled had FFE given notice.  We disagree and hold that Clarendon has shown that it suffered actual prejudice. It is beyond dispute that, pursuant to the express terms of the policy and in its unfettered discretion, Clarendon could have settled the Stewart action for a sum that would have resulted in no cost on the claim to Clarendon.

The Texas Supreme Court has held that  prejudice is the loss of a valuable right or benefit.  *Hernandez v. Gulf Group Lloyds*, 875 S.W.2d 691, 693 (Tex.

---

[3] The $1.1 million judgment was reduced in post-trial settlement negotiations to $1 million, which would reduce the value of the missed settlement opportunity to $300,000.

[4] This figure comes from the $700,000 offered settlement in the Stewart claim, plus the $219,861.99 FFE paid in cumulative settlement on all other claims arising from the January 8 accident.

1994) (holding that where the "expected benefit" lost due to the breach "has no value. . . . the insurer is not prejudiced by the breach" and thus the insured cannot deny coverage). The primary concern of *Hernandez* is that the insured must suffer the loss of a valuable right in order to avoid payment. Thus, whether Clarendon would have accepted the settlement offer, as FFE urges, is immaterial to this point. The fact remains that FFE's failure to give notice caused Clarendon to lose a valuable settlement right. *See Motiva Enters. v. St. Paul Fire & Marine Ins. Co.*, -- F.3d --, 2006 WL 774926, at *4 (5th Cir. Mar. 28, 2006) (holding that "when ... the insurer is not consulted about the settlement, the settlement is not tendered to it and the insurer has no opportunity to participate in or consent to the ultimate settlement decision, we conclude that the insurer is prejudiced as a matter of law"). This satisfies the concerns of *Hernandez* and sufficiently establishes Clarendon's prejudice.

We do not believe that Clarendon must show precisely what the outcome of the underlying case would have been had notice been given to make a showing of actual prejudice. Clarendon is required to show the precise manner in which its interests have suffered. Clarendon has done so, and thus, has demonstrated actual prejudice.

III.

For the reasons stated above, we affirm the magistrate judge's judgment granting Clarendon's motion for summary judgment and denying FFE's cross-motion for summary judgment.

AFFIRMED.