**REVERSED AND REMANDED and Opinion Filed November 12, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00969-CV

### CURTIS DAVIS, Appellant
### V.
### STATE FARM LLOYDS, INC., Appellee

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-04980-2017**

# MEMORANDUM OPINION

Before Justices Whitehill, Schenck, and Rosenberg[1]
Opinion by Justice Whitehill

Appellant Curtis Davis sued his insurance carrier, appellee State Farm Lloyds, Inc., for underinsured motorist (UIM) benefits. His policy excluded UIM coverage if he settled his claim against an underinsured driver without State Farm's written consent, and State Farm won summary judgment based on evidence that Davis did just that. Davis appealed, and the pivotal questions before us are (i) was State Farm required to prove it was prejudiced by Davis's settlement and, if so, (ii) did State Farm conclusively prove prejudice? We answer the first question yes and the second question no, and we therefore reverse the summary judgment.

---

[1] The Hon. Barbara Rosenberg, Justice, Assigned

## I. BACKGROUND

### A. Facts

We draw the facts from the pleadings and the summary judgment evidence as appropriate.

In August 2013, Davis was in a two-vehicle traffic accident in which he and Jose Manuel Vicencio-Hernandez were the drivers. At that time, Davis was covered by a State Farm insurance policy. Vicencio-Hernandez was underinsured, and Davis notified State Farm that he anticipated presenting a UIM benefits claim.

Davis's policy did not provide UIM coverage if he "settles the claim without [State Farm's] written consent."

In June 2014, State Farm sent Davis a letter saying among other things that

- Davis's claim was transferred to State Farm's Subrogation services and that State Farm would attempt to recover its payments to Davis from whoever was responsible for his loss.

- Davis should tell State Farm if he was represented by an attorney so it could communicate with that lawyer.

- Davis should not sign any release or accept any payments that might affect State Farm's interests in recovering from responsible parties sums that State Farm paid Davis for his losses.

Other evidence showed that on or about January 13, 2016, another insurance company sent to Bill Kennedy (apparently Davis's lawyer) settlement checks totaling $30,000 and a release.

Although the record does not show how State Farm learned of that settlement, the next day, State Farm transmitted a letter to "Nnk Legal Group" (apparently Kennedy's law firm) that Davis's insurance policy required him to secure State Farm's written consent to settle with any potentially liable person.[2] The letter also said that failure to obtain State Farm's consent might forfeit Davis's UIM coverage.

---

[2] This letter bears the same addressee's address as the prior day's settlement transmittal letter and Mr. Kennedy's address on the original petition he filed for Davis.

Nevertheless, Davis subsequently signed a release of his claim against Vicencio-Hernandez. Davis testified in a deposition that he never got permission from State Farm to settle his claim against Vicencio-Hernandez and his insurer.

## B. Procedural History

Davis sued State Farm, asserting claims for UIM benefits, contract breach, Insurance Code violations, and a declaration of his rights and duties under the policy.

State Farm answered and moved for summary judgment based on one ground: Davis's settlement without State Farm's consent triggered the policy exclusion and entitled State Farm to a take-nothing summary judgment.

Davis's response argued that the trial court should deny State Farm's motion because State Farm had not proved that Davis's settlement prejudiced it.

The trial court granted State Farm's motion, and Davis timely appealed.

## II. ANALYSIS

Davis's sole issue argues that the summary judgment is erroneous because State Farm adduced no evidence of prejudice as Texas law requires. We agree.

## A. Standard of Review

We review a summary judgment de novo. *Knopf v. Gray*, 545 S.W.3d 542, 545 (Tex. 2018) (per curiam).

State Farm's motion was a traditional motion, so its burden was to conclusively negate an element of Davis's claims or conclusively establish every element of an affirmative defense. *See Durham v. Children's Med. Ctr. of Dallas*, 488 S.W.3d 485, 489 (Tex. App.—Dallas 2016, pet. denied). We take evidence favorable to the nonmovant as true, and we indulge every reasonable inference and resolve every doubt in the nonmovant's favor. *Dallas Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 624 (Tex. 2018).

**B.     Was State Farm obliged to conclusively prove that Davis's settlement prejudiced it?**

Yes, according to *Hernandez v. Gulf Group Lloyds*, 875 S.W.2d 691 (Tex. 1994).

The *Hernandez* case addressed the effect of a UIM insured's violation of a consent-to-settle clause.[3] The court held that such a violation should be analyzed under the rule that a contracting party's prior material breach discharges or excuses the other party from performing. *Id*. at 692. The court further held that an insured's breach of the consent-to-settle clause is material if it extinguishes a valuable subrogation right. *Id*. at 693. Conversely, if "any extinguished subrogation right has no value," the insurer is not prejudiced and the insured's breach is not material. *Id*. Finally, the insurer must show that it has been prejudiced by the insured's settlement without consent.[4] *Id*. at 692.

In *Hernandez*, the insured's suit for UIM benefits was tried to the bench, and the parties stipulated that the insurer had not incurred any financial loss from the insured's settlement with and release of the underinsured motorist. *Id*. The supreme court held that the stipulation established the absence of prejudice and that the trial court therefore properly rendered judgment for the insured. *Id*. at 694.

Thus, *Hernandez* establishes that, in the UIM context, an insured's failure to comply with a consent-to-settlement clause is treated as a potential prior material breach. *See generally* Tarron Gartner-Ilai & Whitney Warren, *"Dueling Canons" Texas Supreme Court's Continued Debate Over the Material Breach Rule*, 13 J. TEX. INS. L. 33, 35–37 (2015) (discussing prior material breach rule as applied in various Texas Supreme Court insurance cases). Prior material breach is

---

[3] The policy at issue in *Hernandez* provided, "This insurance does not apply . . . to [damages] with respect to which the insured . . . shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor[.]" 875 S.W.2d at 692 n.1. No one argues that the clause in Davis's policy is materially different from the *Hernandez* consent-to-settlement clause, and we perceive no material difference.

[4] This is apparently the majority rule: "The vast majority of courts considering similar notice-of-settlement or consent-to-settle clauses have held that the insurer has the burden of establishing that an unauthorized settlement had an actual adverse effect on the insurer's interests." *Hasper v. Ctr, Mut. Ins. Co.*, 723 N.W.2d 409, 413 (N.D. 2006).

an affirmative defense. *701 Katy Bldg., L.P. v. John Wheat Gibson, P.C.*, No. 05-16-00193-CV, 2017 WL 3634335, at *5 (Tex. App.—Dallas Aug. 24, 2017, pet. denied) (mem. op.); *see also Hernandez*, 875 S.W.2d at 692 (insurer must show prejudice). Thus, State Farm had the burden of conclusively proving that Davis's settlement prejudiced State Farm and thus constituted a prior material breach discharging State Farm's duty to perform. *See Durham*, 488 S.W.3d at 489 (summary judgment movant relying on affirmative defense must conclusively prove every element of the defense).

The Eastland Court of Appeals applied these principles to scanty summary judgment evidence in *Elwess v. Farm Bureau County Mutual Insurance Co. of Texas*, No. 11-12-00339-CV, 2014 WL 6755662 (Tex. App.—Eastland Nov. 26, 2014, no pet.) (mem. op.). In that case, the insured (Elwess) settled with an allegedly underinsured motorist without his insurer's consent. Elwess then sued his insurer for UIM benefits, and the insurer won summary judgment based in part on Elwess's settlement without consent. The court of appeals reversed, holding that the insurer's evidence was too weak to conclusively establish prejudice. *Id*. at *2. The insurer's only evidence of prejudice was a police report that said the other motorist had another insurance policy with a named insurance company. The court of appeals held that the police report did not conclusively establish prejudice because there was no "competent summary judgment evidence to show that the policy actually existed, that the policy was in effect at the time of the accident, and that the policy provided coverage under the circumstances." *Id*.; *see also Davis v. Allstate Ins. Co.*, 945 S.W.2d 844, 846 (Tex. App.—Houston [1st Dist.] 1997, no pet.) (reversing take-nothing summary judgment against UIM insured who settled without consent because evidence raised fact issue as to prejudice).

State Farm makes several arguments in response. First, it states that the supreme court enforced a UIM consent-to-settlement clause in *Guaranty County Mutual Insurance Co. v. Kline*,

845 S.W.2d 810, 811 (Tex. 1992) (per curiam). However, *Hernandez* expressly acknowledged *Kline*'s holding just before holding that the clause is unenforceable unless the insurer shows prejudice. 875 S.W.2d at 692; *cf. id.* at 694 (Enoch, J., dissenting) (arguing that the *Hernandez* majority opinion was inconsistent with *Kline*). To the extent *Kline* held that the insurer can enforce the clause without proving prejudice, *Hernandez* overruled it.

Next, State Farm cites several liability insurance cases for the premise that a complete failure of notice to the insurer establishes prejudice as a matter of law. *See Nat'l Union Fire Ins. Co. v. Crocker*, 246 S.W.3d 603, 604–05 (Tex. 2008) (additional insured never notified his liability insurer of suit against him); *Liberty Mut. Ins. Co. v. Cruz*, 883 S.W.2d 164, 165–66 (Tex. 1993) (per curiam) (insured never notified its liability insurer of suit against it); *Jenkins v. State & Cty. Mut. Fire Ins. Co.*, 287 S.W.3d 891, 899 (Tex. App.—Fort Worth 2009, pet. denied) (allegedly insured individual never notified liability insurer of suit against him); *Md. Cas. Co. v. Am. Home Assur. Co.*, 277 S.W.3d 107, 109 (Tex. App.—Houston [1st Dist.] 2009, pet. dism'd by agr.) (alleged insured never notified liability insurer of suit against it); *Crocker v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 526 F.3d 240 (5th Cir. 2008) (per curiam); *Motiva Enters., LLC v. St. Paul Fire & Marine Ins. Co.*, 445 F.3d 381, 382 (5th Cir. 2006) (insured settled claim against it without notice to liability insurer); *see also PAJ, Inc. v. Hanover Ins. Co.*, 243 S.W.3d 630, 631 (Tex. 2008) (insured gave late notice of claim to liability insurer).

We are unpersuaded by State Farm's argument because its cases are distinguishable—they involve a different kind of insurance (liability insurance, not UIM first-party coverage) and different policy provisions (clauses requiring the insured to give notice of a claim or suit rather than to obtain consent to a settlement).

Moreover, State Farm's cases involve a different kind of prejudice from that involved in UIM cases. When an insured doesn't give its liability insurer notice of a claim before the insured

suffers an adverse judgment or enters a settlement, courts have held that the insurer is prejudiced as a matter of law because the insurer is wholly denied its ability to defend the lawsuit or participate in the settlement. *See Liberty Mut. Ins. Co.*, 883 S.W.2d at 165–66; *Md. Cas. Co.*, 277 S.W.3d at 117; *Motiva Enters.*, 445 F.3d at 386.

On the other hand, the UIM context involves a different kind of prejudice—loss of a possibly valuable subrogation right rather than loss of a chance to defend against liability. *See Hernandez*, 875 S.W.2d at 693. And *Hernandez* expressly places the burden on the insurer to show that it has been prejudiced by the insured's failure to obtain consent to the settlement, 875 S.W.2d at 692, which necessarily implies that the mere fact of an unconsented settlement isn't enough. Because *Hernandez* is precisely on point and the supreme court has never overruled it, we follow it rather than the liability insurance cases that State Farm cites.

Finally, at oral argument State Farm urged that *Greene v. Farmers Insurance Exchange*, 446 S.W.3d 761 (Tex. 2014), supports its position. *Greene* was a first-party insurance case, but its similarity to UIM cases ends there. The question presented in *Greene* was whether a homeowners insurer was required to prove prejudice to defeat a fire damage claim if (i) the policy provided that coverage would be suspended sixty days after the house became vacant and (ii) the insurer proved that the homeowner moved out of the house more than sixty days before the loss. *Id*. at 762–63. The supreme court held that the insurer was not required to prove prejudice to avoid coverage, and distinguished *Hernandez* because the *Hernandez* insured breached the policy by settling without the insurer's consent but the *Greene* insured did not breach the policy by moving out of the house. *Id*. at 767–69. The same facts that distinguished *Hernandez* from *Greene* also distinguish the instant case from *Greene*. Thus, *Hernandez* remains controlling in this case.[5]

---

[5] We note that the Fifth Circuit has held in an unpublished opinion that a UIM insurer was entitled to summary judgment based on nothing more than evidence that its insured settled with the underinsured motorist without giving his insurer notice or obtaining its consent. *Gonzalez v. Philadelphia Indem. Ins. Co.*, 663 F. App'x 302, 305–06 (5th Cir. 2016) (applying Texas law). The UIM endorsement in *Gonzalez* was different

Accordingly, we hold that (i) State Farm was required to conclusively prove it was prejudiced by Davis's unconsented-to settlement with Vicencio-Hernandez and (ii) State Farm's evidence that Davis settled without State Farm's consent, standing alone, was insufficient to carry that burden.

## C.     Did State Farm conclusively prove that Davis's settlement prejudiced it?

No.  State Farm adduced no evidence that a subrogation right against Vincencio-Hernandez would have had some value or that Davis's settlement prejudiced State Farm in any other way.

State Farm does not argue that it produced any evidence that Vicencio-Hernandez had assets available to satisfy a subrogation judgment.  Rather, it argues that Davis's settlement caused prejudice because State Farm "was prevented from doing anything or conducting any investigation to protect its interest under the consent to settle provision."  State Farm complains that Davis's settlement "eliminated State Farm's ability to conduct a thorough financial check of [Vicencio-Hernandez]" and asserts that, after so much time has passed, it will be difficult for State Farm to locate Vicencio-Hernandez and to discover his assets without the aid of civil process.

We reject State Farm's argument for two reasons.  First, *Hernandez* did not recognize difficulty in proving the value of a potential subrogation claim as sufficient prejudice.  On the contrary, *Hernandez* indicates that the only kind of prejudice sufficient to make a consent-to-settlement breach material is loss of a valuable subrogation right:

> In the context of an underinsured motorist claim, there may be instances when an insured's settlement without the insurer's consent prevents the insurer from receiving the anticipated benefit from the insurance contract; *specifically*, the settlement may extinguish a valuable subrogation right.

875 S.W.2d at 693 (emphasis added).  If the allegedly underinsured motorist has no assets available to satisfy, even in part, a subrogation judgment, the subrogation right has no value.  *See id*. at 693–

from the one involved in this case, so it may be distinguishable.  *See id*. at 304.  But to the extent *Gonzalez* conflicts with our opinion, we believe it interpreted Texas law incorrectly.

94. Although proving that the underinsured motorist was not judgment proof might be difficult in some cases, *Hernandez* doesn't suggest this difficulty can amount to prejudice sufficient to make a consent-to-settlement clause breach material. We find no post-*Hernandez* case adopting such a premise, and we decline to do so here.

Second, even assuming *Hernandez*'s prejudice requirement can be satisfied with proof that an insured's settlement has made it difficult to prove that the insurer's subrogation right was valuable, State Farm adduced no such proof here. As the summary judgment movant, State Farm bore the burden to conclusively prove prejudice. *See Durham*, 488 S.W.3d at 489 (movant relying on affirmative defense must conclusively prove every element of the defense). But it produced no evidence that it ever tried to locate Vicencio-Hernandez or investigate his assets, much less that Davis's settlement caused State Farm actual difficulty in this regard. Thus, even assuming that prejudice can take the form of difficulty in establishing that a lost subrogation right was valuable, State Farm has not shown such prejudice in this case.

### III. CONCLUSION

We sustain Davis's sole issue on appeal, reverse the summary judgment, and remand the case for further proceedings consistent with this opinion.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

180969F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CURTIS DAVIS, Appellant

No. 05-18-00969-CV     V.

STATE FARM LLOYDS, INC., Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas
Trial Court Cause No. 416-04980-2017.
Opinion delivered by Justice Whitehill. Justices Schenck and Rosenberg participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with the opinion.

It is **ORDERED** that appellant Curtis Davis recover his costs of this appeal from appellee State Farm Lloyds, Inc.

Judgment entered November 12, 2019

–10–